# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 14-00600-DSF (KK)**                                            Date:  **June 16, 2015**

Title:  Bryan E. Ransom v. S. Lee, et al.

**DOCKET ENTRY**

PRESENT:

**HON. KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| Deb Taylor | None |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

ATTORNEYS PRESENT FOR PLAINTIFF(S):                 ATTORNEYS PRESENT FOR DEFENDANT(S):
           None                                                                      None

**PROCEEDINGS:            (IN CHAMBERS)**

On March 17, 2014, Bryan E. Ransom ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights Complaint in this Court.  (ECF Docket No. ("dkt.") 5). Plaintiff is currently proceeding on his Third Amended Complaint ("TAC"), which he filed on December 15, 2014.  (Dkt. 20).

Section 1915(g) of Title 28 of the United States Code (also known as the "three strikes provision") prohibits a prisoner from proceeding *in forma pauperis* in a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

A review of the record of actions and appeals filed by Plaintiff in United States District Court and in the U.S. Court of Appeals for the Ninth Circuit reveals that Plaintiff has previously filed three or more actions or appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted (i.e. "strikes").  The Court takes judicial notice of three such cases: Ransom v. Sandoval, CV 01–00513–JM–JAH–PC (S.D. Cal. January 10, 2002) (dismissed for failure to state a claim); Ransom v. Williams, CV 96–08203–MRP–CT–PC (C.D. Cal. Dec. 6, 1996) (dismissed for failure to state a claim); Ransom v. Doe, CV 96–08204–RSWL–CT–PC (C.D. Cal. Dec. 4, 1996) (dismissed for failure to state a claim).  The Court also notes that Plaintiff's request for *in forma pauperis* status was twice declined by the Ninth Circuit in Ransom v. Corona, No. 04–55056 (9th Cir. May 27, 2004) and in Ransom v. Westphal, No. 08-15376 (9th Cir. Aug. 27, 2008).  Lastly, the Court also takes into consideration numerous cases where the U.S. District Court and the Ninth Circuit have held that Plaintiff has had three or more "strikes" for the purposes of Section 1915(g).  See Ransom v. Ortiz, 563 F. App'x 580 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  **CV 14-00600-DSF (KK)**

Bryan E. Ransom v. S. Lee, et al.                                              June 16, 2015
                                                                                                            Page 2

---

Cir. 2014); Ransom v. Ortiz, 536 F. App'x 691 (9th Cir. 2013); Ransom v. Hubbard, No. CV 11-00875-GBC, 2012 WL 3704760 (E.D. Cal. Aug. 24, 2012).

On August 22, 2014, the Court issued an Order to Show Cause ("OSC") to Plaintiff as to why the Court should not revoke Plaintiff's *in forma pauperis* status, pursuant to 28 U.S.C. § 1915(g).  (Dkt. 13).  On September 15, 2014, Plaintiff filed a Response to the Court's OSC, alleging he was under imminent danger of serious physical injury at the time he filed the original Complaint.  (Dkt. 14).  Namely, Plaintiff claimed he was diagnosed with chronic Hepatitis C and was being denied treatment by defendants to this action.  (Id.).  On December 29, 2014, the Court issued an order directing service of the TAC on the defendants.  (Dkt. 22).

Several of the named defendants to this action have now filed: (1) a Motion for Order Revoking Plaintiff's *In Forma Pauperis* Status and to Dismiss the TAC; and (2) a Memorandum of Points and Authorities in Opposition to Plaintiff's Response to the Court's OSC.  (Dkts. 94, 100).  In the filings, defendants contend Plaintiff's claims that he suffered from an imminent danger of physical injury at the time of the filing of the original Complaint are not credible.  (Id.).  Specifically, the defendants present arguments and evidence strongly suggesting Plaintiff was being treated for Hepatitis C at the time of filing, and hence was not under any imminent danger of physical injury.

Based on the defendants' filings, it appears to the Court that Plaintiff is precluded from proceeding *in forma pauperis* under Section 1915(g).  Accordingly, the Court **HEREBY ORDERS**:

Plaintiff **SHALL SHOW CAUSE** within twenty-one (21) days of the date of this order why the Court should not revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiff's convenience.

Plaintiff is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

                                                                          Initials of Deputy Clerk     dts

MINUTES FORM 11
CIVIL-GEN