UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. | CV 14-600-DSF (KK) |
| Date: | April 14, 2016 |
| Title: | *Ransom v. Lee, et al.* |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why Claims Against Unserved Defendants Should Not Be Dismissed For Failure To Serve And/Or Failure To Prosecute

Plaintiff Bryan E. Ransom, proceeding pro se and in forma pauperis, filed a civil rights action under Title 42 of the United States Code, section 1983. ECF Docket No. ("Dkt.") 1. On December 15, 2014, Plaintiff filed his Third Amended Complaint ("TAC"). Dkt. 20. The TAC arises out of allegations California state officials mistreated Plaintiff because he engaged in a hunger strike in 2013 while he was confined at the California Men's Colony ("CMC") in San Luis Obispo, California. Id. The TAC raises twenty-one "claims" against forty-eight defendants, including the following seven defendants who have not yet been served in the action: Escobar, Smith, Downey, Galvan, Scef, Siebert, and Cabrera.

On December 29, 2014, the Court issued an order directing service of process for the TAC. Dkt. 22. On February 25, 2015, a United States Marshal filed a Process Receipt and Return, which stated the Marshal could not serve Defendant Smith at CMC because Defendant Smith "has retired" without forwarding information. Dkt. 30. On February 27, 2015, a United States Marshal filed a Process Receipt and Return, which stated the Marshal could not serve Defendant Scef at CMC because there was "no one by this name at this institution." Dkt. 48. On February 27, 2015, a United States Marshal filed a Process Receipt and Return, which stated the Marshal could not serve Defendant Escobar at CMC because there was "no one by this name at this institution." Dkt. 49. On February 27, 2015, a United States Marshal filed a Process Receipt and Return, which stated the Marshal could not serve Defendant Galvan at CMC because there were "multiple individuals with this last name working at this institution." Dkt.

120. On March 20, 2015, a United States Marshal filed a Process Receipt and Return, which stated the Marshal could not serve Defendant Downey at CMC because he "is no longer with this institution" and there was no forwarding information available. Dkt. 79. On May 5, 2015, a United States Marshal filed a Process Receipt and Return, which stated the Marshal could not serve Defendant Cabrera at CMC because he was "no longer employed with CMC-SLO" and there was no forwarding information available. Dkt. 85.

Pursuant to Federal Rule of Civil Procedure 4(m) "[i]f the defendant is not served within 120 days after the complaint is filed, the court – on a motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, over 120 days have passed since Plaintiff filed the TAC. However, Plaintiff has failed to serve Defendants Escobar, Smith, Downey, Galvan, Scef, Siebert, and Cabrera.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why the Court should not dismiss his claims against Defendants Escobar, Smith, Downey, Galvan, Scef, Siebert, and Cabrera for failure to serve and/or failure to prosecute. Plaintiff shall have up to and including **May 4, 2016** to respond to this Order. **The Court warns Plaintiff that the Court will deem his failure to timely file a response to this Order as consent to the dismissal of his claims against Defendants Escobar, Smith, Downey, Galvan, Scef, Siebert, and Cabrera without prejudice.**

**IT IS SO ORDERED.**