UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>    Plaintiff,<br><br>    v.<br><br>S. LEE, et al.,<br><br>    Defendants. | Case No. CV 14-600-DSF (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING UNSERVED DEFENDANTS |

**I.**

**INTRODUCTION**

On December 15, 2014, Plaintiff Bryan E. Ransom ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Third Amended Complaint ("TAC") under 42 U.S.C. § 1983. ECF Docket No. ("Dkt.") 20. The TAC raises twenty-one "claims" against forty-eight defendants, including the following seven defendants who have not yet been served in the action: (1) M. Escobar, (2) K. Smith, (3) R. Downey, (4) Galvan, (5) E. Scef, (6) Siebert, and (7) L. Cabrera (the "Unserved Defendants"). For the reasons set forth below, the claims against the Unserved Defendants are dismissed without prejudice for failure to serve and failure to prosecute.

///

## II.

## **PROCEDURAL BACKGROUND**

On December 15, 2014, Plaintiff filed the instant TAC. Dkt. 20. The TAC raises twenty-one "claims" against forty-eight defendants. Id. Each of these "claims" raises multiple causes of actions under state and federal law and arises from discrete incidents related to Plaintiff's 2013 hunger strike at California Men's Colony ("CMC"). Id. On December 29, 2014, the Court issued an order directing service of the TAC on the named defendants. Dkt. 22.

A proof of service on the Unserved Defendants was not filed. Hence, on April 14, 2016, the Court issued an Order to Show Cause why the claims against the Unserved Defendants should not be dismissed for failure to serve and failure to prosecute ("OSC"). Dkt. 126. The Court granted Plaintiff until May 4, 2016 to file a response to the OSC, and warned Plaintiff "that the Court will deem his failure to timely file a response to this Order as consent to the dismissal of his claims against Defendants Escobar, Smith, Downey, Galvan, Scef, Siebert, and Cabrera without prejudice." Id.

The time for responding to the OSC has passed and Plaintiff has failed to timely file a response, or request an extension of time in which to do so.[1] As of the date of this Order, no proof of service on the Unserved Defendants has been filed with the Court.

///
///
///
///
///

---

[1] The Court notes Plaintiff's Opposition to the Motion to Dismiss filed by the remaining forty other defendants filed by Plaintiff on September 22, 2016 does not address his failure to serve the Unserved Defendants. See Dkt. 145.

## III.

## DISCUSSION

### A. PLAINTIFF'S CLAIMS AGAINST THE UNSERVED DEFENDANTS ARE DISMISSED FOR FAILURE TO SERVE

Pursuant to Federal Rule of Civil Procedure 4(m) "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, over ninety (90) days have passed since Plaintiff filed the TAC, yet Plaintiff has failed to serve defendants (1) M. Escobar, (2) K. Smith, (3) R. Downey, (4) Galvan, (5) E. Scef, (6) Siebert, and (7) L. Cabrera. Thus, pursuant to Federal Rule of Civil Procedure 4(m), the claims against the Unserved Defendants must be DISMISSED without prejudice.

### B. PLAINTIFF'S CLAIMS AGAINST THE UNSERVED DEFENDANTS ARE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (standard applied in dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with court orders).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not filed a response to the OSC issued eleven months ago, has not served seven defendants, and has not requested any extensions of time in which to do so. This failure to prosecute hinders the Court's ability to move this case toward disposition, and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. See Eisen, 31 F.3d at 1452-53. Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been (1) instructed on his responsibilities, (2) granted sufficient time in which to discharge them, and (3) warned of the consequences of failure to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's

failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with court orders, rules of civil procedure, and local rules by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Plaintiff was warned his failure to timely file a response to the OSC would be deemed consent to the dismissal of his claims against the Unserved Defendants without prejudice. See Dkt. 126.

## IV.
## ORDER

IT IS THEREFORE ORDERED that Judgment be entered dismissing the action against the following defendants without prejudice: (1) M. Escobar, (2) K. Smith, (3) R. Downey, (4) Galvan, (5) E. Scef, (6) Siebert, and (7) L. Cabrera.

Dated: 3/15/17

HONORABLE DALE S. FISCHER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge