UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>S. LEE, ET AL.,<br><br>　　　　　　　　Defendant(s). | Case No. CV 14-600-DSF (KK)<br><br>MEMORANDUM AND ORDER AFFIRMING APRIL 20, 2018 ORDERS GRANTING EXTENSION OF TIME AND DENYING APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |

## I.
## **<u>INTRODUCTION</u>**

On May 15, 2018, Plaintiff Bryan E. Ransom ("Plaintiff") constructively filed a <u>pro se</u> "Objection to Court's Extension of Time and Denial of Plaintiff's Motion for Appointment of Counsel per FRCP Rule 60(b)" seeking review of the Court's April 20, 2018 Orders granting Plaintiff's request for extension of time and denying Plaintiff's Motion for Appointment of Counsel without prejudice. ECF Docket No. ("Dkt.") 184. For the reasons set forth below, the Court construes Plaintiff's "Objection" as an objection pursuant to Federal Rule of Civil Procedure 72(a) and AFFIRMS the April 20, 2018 Orders.

///

///

## II.
## **BACKGROUND**

On December 15, 2014, Plaintiff, proceeding pro se, constructively filed[1] a Third Amended Complaint ("TAC") pursuant to 42 U.S.C. § 1983 against numerous defendants. Dkt. 20, TAC. The claims remaining in the operative TAC arise out of allegations that defendants mistreated Plaintiff when he participated in a "solid food" hunger strike while Plaintiff was an inmate at the California Men's Colony ("CMC") in San Luis Obispo. Id.; see also Dkt. 154. On August 24, 2017, the remaining defendants E. Ramirez-Quan, P. Gallagher, F. Cota, D. Duncan, B. Phillips, D. Taylor, R. Siordia, E. Valenzuela, D. Hitt, R. Mangrubang, D. Merrill, J. Busby, B. Lake, C. Tomasini, R. Day, and S. Lee ("Defendants") filed an Answer to the TAC. Dkt. 161.

On April 2, 2018, Defendant Ramirez-Quan filed motions to compel responses to interrogatories and production of documents. Dkts. 172, 173.

On April 11, 2018, Plaintiff constructively filed a "Motion for an Extension of Time; Re-Set Scheduling Order; and Appoint Counsel." Dkt. 175.

On April 20, 2018, the Court granted Plaintiff's request for extension of time and extended the deadlines in the scheduling order accordingly. Dkt. 177. On April 20, 2018, the Court issued a separate order denying Plaintiff's request for appointment of counsel without prejudice. Dkt. 178. The Court assured Plaintiff it will liberally construe the pleadings and give Plaintiff the benefit of the doubt. Id.

On May 11, 2018, Defendants filed a Motion for Summary Judgment. Dkts. 181, 182.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

On May 15, 2018, Plaintiff constructively filed the instant Objections to the Court's April 20, 2018 Orders granting Plaintiff's request for extension of time and denying Plaintiff's request for appointment of counsel without prejudice. Dkt. 184. The matter thus stands submitted.

## III.

## DISCUSSION

### A. FEDERAL RULE OF CIVIL PROCEDURE 60(b) IS INAPPLICABLE

Pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for five enumerated reasons, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Though Rule 60(b) is susceptible to a reading that allows for relief from non-final orders and proceedings, Courts have consistently rejected such a reading. "Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be appealed immediately." Meas v. City & Cty. of San Francisco, 681 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010); see also United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (noting "Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders").

Here, the Orders granting Plaintiff's request for extension of time and denying appointment of counsel without prejudice are not final decisions within the meaning of 28 U.S.C. § 1291. Cassirer v. Kingdom of Spain, 616 F.3d 1019, 1024 (9th Cir. 2010) ("A final decision is one that ends the litigation on the merits.").[2]

---

[2] There is a small category of other decisions that are also considered "final," including "only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." Cassirer, 616 F.3d at 1024. Defendant does not claim, nor does the Court find, the Orders granting Plaintiff's request for extension of time or denying appointment of counsel would fall within this small category of other "final" decisions.

3

Therefore, while Plaintiff cites Rule 60(b) in support of his "Objection," Rule 60(b) is not applicable.

**B.     PLAINTIFF FAILS TO SET FORTH ANY GROUNDS REQUIRING MODIFICATION OF THE APRIL 20, 2018 ORDERS**

Magistrate judges have the authority to issue non-dispositive orders, including orders denying appointment of counsel, particularly where the order is without prejudice. See Jones v. Corr. Corp. of Am., No. CIV 10-2769-PHX-RCB, 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (noting that motions denying appointment of counsel are not dispositive of a party's claim or defense). Pursuant to Federal Rule of Civil Procedure 72(a), a party seeking review of a non-dispositive order issued by a magistrate judge may "serve and file objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). If timely objections are filed, the district judge must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Here, Plaintiff seeks review of non-dispositive orders granting his extension request and denying his request for appointment of counsel without prejudice. Dkt. 184. Plaintiff argues that unless prison officials return his legal property, "the Court's extension of time without appointment of counsel is futile/unhelpful to Plaintiff." Id. at 2.

As an initial matter, Plaintiff's Objections were not filed until 25 days after the Orders granting the extension request and denying appointment of counsel. Therefore, Plaintiff's objections are untimely under Rule 72.

Moreover, Plaintiff fails to identify any clearly erroneous factual conclusions or legal conclusions that are contrary to law. First, while Plaintiff did not specify which deadlines he was requesting be extended nor how long an extension he sought, the Court granted him a two week extension to file an opposition to the pending motions to compel and reopened discovery. Second, it is clearly established there is no constitutional right to appointed counsel in civil rights

actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). In considering Plaintiff's request for counsel the Court evaluated Plaintiff's likelihood of success on the merits and ability to articulate his claims pro se, but found there were no exceptional circumstances warranting the Court requesting an attorney to voluntarily provide representation. See 28 U.S.C. §1915(e)(1); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Hence, Plaintiff has failed to set forth any grounds requiring modification of the April 20, 2018 Orders.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED Plaintiff's objections are overruled and the April 20, 2018 Orders are AFFIRMED.

Dated: 6/15/18

HONORABLE DALE S. FISCHER
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge